NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0221n.06
Filed: March 29, 2006

No. 04-6388

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff - Appellee, | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| v. | ) COURT FOR THE WESTERN |
| | ) DISTRICT OF TENNESSEE |
| CORWIN PRYOR, | ) |
| | ) |
| Defendant - Appellant. | ) |

Before: GIBBONS, GRIFFIN, and BRIGHT[*], Circuit Judges.

**PER CURIAM.** Corwin Pryor conditionally pled guilty to the charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Thereafter, the district court entered a judgment of conviction and sentenced Pryor to fifteen years imprisonment plus a supervised release period of three years. Pryor appeals the denial of his motion to suppress the firearm that police found in a search of his vehicle. The gun was in the trunk of Pryor's car. He reserved this search and seizure issue in his plea of guilty. After reviewing the record, we affirm the conviction.

**BACKGROUND**

Pryor argues that the police officers' decisions to arrest him or search his car were not supported by probable cause. He further argues that the search of the car did not fit into the

_____

[*] The Honorable Myron H. Bright, Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

inventory search exception to the Fourth Amendment, either because it was parked in a parking space and not blocking traffic, or because the car keys could have been turned over to Pryor's wife.

We turn to the facts in the record. On April 9, 2002, an anonymous caller made three phone calls to the Memphis 911 center, requesting the police to come immediately to the Ridgemont Apartments and indicating there was a man driving around the apartment complex and firing shots into the ground. The caller said the shooter was a black male about 5'6", with a short, "fade" haircut, wearing a red and gray shirt with blue jeans, and driving a red, or possibly maroon, Cadillac.[1]

Dennis Manning was one of two police officers dispatched to the apartment complex. The police dispatcher advised Officer Manning that "a male black [sic] was firing shots into the ground from a maroon or red Cadillac," and further described the man, including that he was "intoxicated [and] wearing a red and gray shirt and jeans."

Looking for a moving vehicle, Officer Manning initially passed by Pryor. On his second time through the complex, however, he noticed Pryor, a black man with relatively long hair, standing by a maroon Cadillac. Although Pryor did not precisely match the description the dispatcher had given, Officer Manning nonetheless approached him and asked if he owned the Cadillac and if he had a firearm.

Officer Manning testified that, at this point, he determined Pryor was intoxicated based on "his speech, the smell of alcohol, [and] the stumbling." He then placed Pryor under arrest for public intoxication. Once Pryor had been placed under arrest, he grew violent and kicked the squad car

---

[1] Pryor asserts that the 911 call, saying the Cadillac was maroon, was not made until after he had been arrested, suggesting that the caller was watching the arrest take place.

doors and windows to such a degree that the door almost separated from the car's frame. (Pryor was ultimately charged with vandalism as well as public intoxication and unlawful possession of a weapon.)

After Officer Manning and his partner had arrested Pryor, the officers decided that, pursuant to the Memphis Police Department's Tow-In Policy, they would have to impound Pryor's car because it was parked on private property and the property owner was not present to give permission to let the vehicle remain, and because there were no third parties present who could take the car and park it in a legal location. After making the decision to impound the car, Officer Manning conducted an inventory search. He found a gun hidden in the trunk.

After Officer Manning arrested Pryor, searched his car, and found his gun, Twana Pryor, Pryor's wife, arrived at the scene. Twana Pryor asked the police officers for possession of the car so that she could remove her house keys, but the officers denied her request. She later testified that the car had not been driveable for several weeks.

## DISCUSSION

Pryor first argues that the police did not have probable cause to arrest him because his haircut and the color of his Cadillac did not match the description the 911 caller had given. When reviewing a denial of a motion to suppress, the appellate court reviews the district court's conclusions of law de novo and its findings of fact for clear error. United States v. Hammond, 351 F.3d 765, 770 (6th Cir. 2003). "A finding of fact will be deemed clearly erroneous when, although there may be some evidence to support the finding, the appellate court, upon review of the entire record, is left with the

definite and firm conviction that a mistake has been committed." United States v. Hurst, 228 F.3d 751, 756 (6th Cir. 2000).

The district court determined that "Officer Manning had probable cause to arrest Mr. Pryor based on his public intoxication," not that there was probable cause for the police to believe Pryor was the man firing gunshots in the Ridgemont Apartments. The magistrate and district court judges believed Officer Manning's testimony regarding Pryor's intoxicated behavior to be more credible than his wife's and stepson's assertions to the contrary. The district court noted that Pryor's violent reaction to being placed in the patrol car, kicking the walls and door of the vehicle until the door came partially off its hinges, provides further confirmation that he was indeed intoxicated. Probable cause exists when police officers possess reasonably trustworthy knowledge that the suspect is committing or has committed a crime. United States v. Dotson, 49 F.3d 227, 230 (6th Cir. 1995). The district court's findings of fact are not clearly erroneous, see Hurst, 228 F.3d at 756, and it correctly determined that there was probable cause to arrest Pryor for public intoxication, see Dotson, 49 F.3d at 230.

Pryor also argues the police did not have probable cause to search his car. The district court correctly determined that the police did not need probable cause to search Pryor's car, because the search was an inventory search incident to impoundment, and the vehicle was impounded pursuant to the Memphis Police Department's Tow-In Policy. Vehicle inventory searches are an exception to the Fourth Amendment warrant requirement. South Dakota v. Opperman, 428 U.S. 364 (1976). They are valid if conducted in accordance with standard police procedure. Florida v. Wells, 495 U.S. 1, 5 (1990).

Pryor next argues that the inventory search is invalid because it was not conducted in accordance with standard procedure. Specifically, Pryor asserts that the car could have been left where it was parked or turned over to Twana Pryor, and that the police should have given him the opportunity to choose either of these options.

The Memphis Police Department's Tow-In Policy states,

When an officer arrests a defendant and the defendant's vehicle is not needed as evidence, the officer is required . . . to allow the defendant to leave the vehicle at the scene of arrest if the defendant so desires and it is legally parked. The defendant cannot, however, park a vehicle on private property without the consent of the property owner/management. The defendant may authorize a third party at the scene who is not under arrest to legally park the vehicle. . . .
If a vehicle cannot be legally parked, left on private property, or released to a third party, then the vehicle should be towed to Vehicle Storage.

J.A. at 89-90.

Pryor's car was parked on private property at the Ridgemont Apartments. Pryor did not live at the apartment complex, and he could not obtain permission from the property owner because the Ridgemont property manager's office was closed at the time of the arrest. Under the Memphis Police Department's Tow-In Policy, he therefore did not have the option of leaving the car where it was parked. Nor did he have the option of turning the keys over to Twana Pryor, first, because she did not appear at the scene until after the police had concluded the inventory search, and, second, because the car was not driveable. The district court correctly determined that the inventory search of Pryor's car was valid because it complied with standard police procedure.

Accordingly, we reject Pryor's appeal of the order denying suppression of the gun as evidence in this case and AFFIRM the conviction.